Appellant, Gregory Qualls, appeals the trial court's finding that appellant is a sexual predator. For the following reasons, we reverse and remand.
On March 13, 1986, appellant was indicted for aggravated burglary, aggravated robbery, rape and felonious assault. Appellant pled guilty to rape and was sentenced to six to twenty five years incarceration.
On June 5, 1997, the trial court conducted a sexual predator determination hearing. The court denied appellant's motion to apply the Ohio Rules of Evidence to the sexual predator hearing.
The prosecutor stated that on July 20, 1981, appellant left the V.A. Hospital without permission. Appellant broke into a home where a twenty-five year old female was house sitting. Appellant grabbed the victim by the neck and threatened to kill her if she screamed. Appellant hit the victim in the mouth, causing her lip to swell. He forced the victim to have sexual intercourse with him. The presentence report supported this statement of facts. The presentence report stated that appellant expressed no remorse for his actions.
The presentence report further stated that appellant had prior convictions in Ohio for breaking and entering, grand theft and aggravated robbery. He was convicted of burglary, aggravated assault and theft in Arizona. At the time of the offense, appellant was drug dependent and had an anti-social personality. Appellant claimed that he no longer used drugs, except for marijuana.
Appellant did not present any evidence.
The trial judge stated:
 This court, after reviewing the file, and I've gone over the entire file, and the underlying basis of the facts of the conviction as outlined and spread on the record by the prosecutor, this Court finds it has no alternative but to classify this defendant as a sexual predator pursuant to R.C. 2950.098 (sic)
The journal entry stated that the defendant was automatically classified as a sexual predator, pursuant to R.C. 2950.09 (A).
 I.
Appellant's first assignment of error states:
 H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
R.C. 2950.09 as applied to conduct prior to the effective date of the statute does not violate the Retroactivity Clause of Section 28 Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404, see alsoState v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ Ohio App.3d ___ (Held that the sexual predator statute was constitutional, but that the evidence was not sufficient to find the defendant was a sexual predator.)
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
Appellant asserts that basing the sexual predator determination upon the pre-sentence report violated his right to confront witnesses. A sexual predator determination hearing is similar to a sentencing or probation hearing, where it is well settled that the rules of evidence do not strictly apply. State v. Cook, supra
at 425, see also State v. Ward, supra at 5. A presentence report is reliable hearsay, and may be considered at a sexual predator determination hearing. See State v. Cook, supra at 425. Consideration of a pre-sentence report at a sentencing hearing does not violate a defendant's right to confront witnesses.Williams v. New York (1949), 337 U.S. 241, 93 L.Ed. 1337,69 S.Ct. 1079. The offender has the opportunity to present his own evidence and counter any erroneous information in the pre-sentence report. See State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970282, 970283, 970301, unreported. Appellant chose not to present evidence in this case. Appellant's right to confront witnesses was not violated.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
The conclusion that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09 (C) (2), See Cook, supra at 408, Ward, supra at 8-9. In determining whether an offender is a sexual predator pursuant to R.C. 2950.09
(C), the trial court must consider the relevant factors set out in R.C. 2950.09 (B) (2). See R.C. 2950.09 (C).
The journal entry states that appellant is automatically classified as a sexual predator pursuant to R.C. 2950.09 (A). R.C. 2950.09 (A) does not apply to the facts of this case, because appellant was convicted before the effective date of the sexual predator legislation and was not found guilty of a sexually violent predator specification. A hearing was held and the court's comments indicate that the entire record was reviewed. However, the court did not discuss any of the R.C.2950.09 (B) (2) factors or make a finding on the record that the appellant was a sexual predator by clear and convincing evidence. The transcript says pursuant to "R.C. 2950.098", which may be a typographical error for "R.C. 2950.09 (A)". The "no alternative" language used by the judge also indicated an automatic determination was made.
Because the record indicates that a determination was wrongfully made under R.C. 2950.09 (A), we must reverse the sexual predator determination and remand for a determination under R.C. 2950.09 (C). See State v. Ward, supra (Sexual predator determination reversed and remanded for further hearing where trial court applied incorrect standard).
Accordingly, this assignment of error is sustained.
 IV.
Appellant's fourth assignment of error states:
 APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
H.B. 180 does not apply to all past sex offenders, but only to those who are still serving a sentence for a sex offense. R.C.2950.09 (C) (1). This distinction does not violate equal protection. State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ Ohio App.3d ___.
Accordingly, this assignment of error is overruled.
 V.
Appellant's fifth assignment of error states:
 APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
A sexually violent offender, convicted on or after the effective date, who is convicted of a sexually violent predator specification is automatically classified as a sexual predator. R.C. 2950.09 (A). If the offense is not a sexually violent offense, if the sexually violent predator specification was not included in the indictment, or if the offender was convicted prior to the effective date, the judge shall conduct a hearing to determine the classification. R.C. 2950.09 (2) (1), (C). Appellant contends this scheme violates equal protection because the sexually violent offenders convicted on or after the effective date have a "beyond a reasonable doubt" standard, while those before the effective date have a "clear and convincing evidence" standard.
The sexually violent predator specification subjects the defendant to more severe punishment, as well as automatic
classification as a sexual predator. See R.C. 2971.03, 2950.09
(A). Thus, there is a rational basis for requiring proof beyond a reasonable doubt that a defendant is a sexually violent predator, and requiring clear and convincing evidence that the defendant is a sexual predator. See Ward, supra at 24.
Appellant also asserts that the clear and convincing evidence standard violates due process. A sexual predator adjudication is a civil proceeding that is separate from the criminal proceeding in which a defendant is convicted and sentenced. E.B. Verniero
(C.A. 3 1997), 119 F.3d 1077, 1111, State v. Gropp (April 8, 1998), Lorain App. No. 97CA006744, unreported, State v. Bradley
(June 19, 1998), Montgomery App. No. 16662, 16664, unreported,State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353, unreported, State v. Lance, supra. The beyond a reasonable doubt standard is not required in a civil proceeding. Id., Santosky v.Kramer (1982), 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599. The clear and convincing evidence standard sufficiently protects the defendant's due process rights in a sexual predator determination hearing. See Id.
Accordingly, this assignment of error is overruled.
 VI.
Appellant's sixth assignment of error states:
 H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
A sexual predator is defined as someone who is likely to commit a sexually oriented offense in the future. R.C. 2950.01. There must be clear and convincing proof that the defendant is a sexual predator. R.C. 2950.09 (B), (C). The clear and convincing standard requires that the evidence is such to support a high probability or firm belief that a particular fact has been established. See In re Weaver (1992), 79 Ohio App.3d 59, Cross v.Ledford (1954), 161 Ohio St. 469, 477. Appellant asserts that the statute is void for vagueness, because it requires a court to determine whether it is highly probable that a mere probability exists.
"Highly probable" refers to the amount of proof required, while "likely" refers to the defendant's propensity to commit future crimes. See State v. Ward, supra at 27-28. It is not illogical to require a court to determine whether by a clear and convincing standard of proof, the offender is likely to commit a sexual offense in the future. Id. The statute is not so vague that persons of ordinary intelligence have to guess at its meaning. See Connally v. General Construction Co. (1926), 269 U.S. 385,391, 46 S.Ct. 126, 70 L.Ed. 322.
Accordingly, this assignment of error is overruled.
 VII.
Appellant's seventh assignment of error states:
H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
Pursuant to the Bill of Attainder Clause, the government is forbidden to enact,
. . . legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial. (Emphasis added.)
United States v. Brown (1965), 381 U.S. 437, 448-49,85 S.Ct. 1707, 1715, 14 L.Ed.2d 484. In determining whether H.B. 180 violated retroactivity and ex post facto constitutional provisions, the Ohio Supreme Court has determined that H.B. 180 is remedial, not punitive. See State v. Cook (1998), 83 Ohio St.3d 404. The determination of what constitutes "punishment" is the same for ex post facto and bill of attainder analysis. SeeArtway v. Attorney General of State of New Jersey (C.A. 3 1996),81 F.3d 1235, 1247. The registration and notification provisions of H.B. 180 are not an unconstitutional bill of attainder. Ward,supra at 30.
Accordingly, this assignment of error is overruled.
 VIII.
Appellant's eighth assignment of error states:
 H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
The double jeopardy clause is not implicated unless the additional sanction is "punishment". See U.S. v. Ursery (1996),518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549, Kansas v.Hendricks (1997), 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501. H.B. 180 does not impose punishment. See State v. Cook, supra.
The application of H.B. 180 to appellant did not constitute double jeopardy. See Ward, supra at 30-33.
Accordingly, this assignment of error is overruled.
 IX.
Appellant's ninth assignment of error states:
 THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
The notification provisions of R.C. Chapter 2950 do not violate the defendant's right to privacy. See State v. Ward, supra at 33-36.
Accordingly, this assignment of error is overruled.
 X.
Appellant's tenth assignment of error states:
 H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9 OF THE OHIO CONSTITUTION.
The registration and notification provisions of H.B. 180 can not constitute cruel and unusual punishment, because they are not punishment. The notification provisions of R.C. Chapter 2950 do not violate the defendant's right to privacy. See State v. Ward,supra at 33-36.
Accordingly, this assignment of error is overruled.
 XI.
Appellant's eleventh assignment of error states:
 THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
The Ohio Rules of Evidence do not strictly apply to the sexual predator classification hearing. State v. Cook, supra at 425. As previously mentioned above, the trial court did not err in relying upon the pre-sentence report.
Accordingly, this assignment of error is overruled.
 XII.
Appellant's twelfth assignment of error states:
 APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
Appellant contends that his plea was not knowingly, voluntarily and intelligently made because he was not informed that he might be adjudicated a sexual predator. See generally Boykin v. Alabama
(1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Crim.R. 11 (C) (2) requires that the defendant be informed of the consequences of his plea. A defendant must be informed of the direct consequences, but not the collateral consequences of his plea. State v. Odubanjo (1992), 80 Ohio App.3d 329, Brady v. U.S.
(1970), 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747. Direct consequences have a definite, immediate and automatic effect upon punishment. Brady, supra, State v. Moore (Aug. 27, 1998), Cuyahoga App. No. 73899, unreported.
As mentioned above, the registration and notification provisions of H.B. 180 are not punishment. Cook, supra.
Additionally, the requirements of H.B. 180 are imposed only after a hearing and are not definite and immediate. Failure to inform appellant of the possible adjudication as a sexual predator did not render the plea involuntary. See Ward, supra, State v. Nelson
(Dec. 29, 1997), Clermont App. No. CA96-09-077, unreported, Statev. Nicholas, supra, State v. Rodgers (May 22, 1998), Hamilton App. No. C-970443, unreported.
Accordingly, this assignment of error is overruled.
The decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL. J., AND PATTON. J., CONCUR.
 ____________________________________ ANN DYKE PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (1).